declaration is filed within a stated period, a consignee is relieved from payment of such duties. The court held that said section is a protection and safeguard afforded persons or firms who are in the business of entering merchandise for various importers and that Congress did not insert the provision to act as a "catch" for unwary importers in order to deprive them of the right of redress against illegally collected duties, nor did it intend that the collector should so use it. It was further held that if the party plaintiff established that it was the importer, consignee, or agent of the person paying the charge or exaction complained about, under the law, it was the proper party plaintiff. The Government's contention was therefore found untenable, and the motion to dismiss the protest, except as to entry 1253, was denied. In view of the holding in C. D. 685 and Abstract 49223, *supra*, judgment was entered in favor of the plaintiff as to the merchandise covered by all the entries, except entry 1253, and the collector was directed to reliquidate the entries free of duty under paragraph 1775, Tariff Act of 1930, and make refund of duty accordingly.

AUGUST 30, 1945

**No. 50443.**—SUIT 4493— ▬▬▬▬▬▬▬▬▬▬ *Sherka Chemical Co., Inc.* v. *United States.* C. D. 873 reversed July 3, 1945. C. A. D. 316.

**No. 50444.**—SUIT 4505— ▬▬▬▬▬▬▬▬▬ *United States* v. *Samuel Dunkel & Co., Inc.* Abstract 49838 reversed July 3, 1945. C. A. D. 317.

**No. 50445.**—SUIT 4506— ▬▬▬▬▬▬▬▬▬ *United States* v. *Samuel Dunkel & Co., Inc.* C. D. 899 reversed July 3, 1945. C. A. D. 317.

BEFORE THE FIRST DIVISION, SEPTEMBER 5, 1945

**No. 50446.**—Protest 892767–G (B) of Perry Ryer & Co. (New York).

Opinion by OLIVER, P. J. It was stipulated that the goatskins are similar in all material respects to those the subject of *United States* v. *Winograd Bros.* (32 C. C. P. A. 153, C. A. D. 302), which record was admitted in evidence herein. In accordance therewith the claim for free entry under paragraph 1681 was sustained.

**No. 50447.**—Protests 914086–G, etc., of Arnhold & Co., Inc., et al. (New York).

Opinion by OLIVER, P. J. It was stipulated that the goatskins are similar in all material respects to those the subject of *United States* v. *Winograd Bros.* (32 C. C. P. A. 153, C. A. D. 302), which record was admitted in evidence herein. In accordance therewith the claim for free entry under paragraph 1681 was sustained.

**No. 50448.**—Protest 936420–G of Winograd Bros., Inc. (New York).

Opinion by OLIVER, P. J. It was stipulated that the goatskins are similar in all material respects to those the subject of *United States* v. *Winograd Bros.* (32 C. C. P. A. 153, C. A. D. 302), which record was admitted in evidence herein. In accordance therewith the claim for free entry under paragraph 1681 was sustained.

BEFORE THE SECOND DIVISION, SEPTEMBER 5, 1945

**No. 50449.**—Protest 92983–K of Welansky & Goldberg (New York).

Opinion by LAWRENCE, J. The plaintiff submitted uncontradicted evidence consisting of samples of the imported merchandise, oral testimony, and corroborative printed descriptive matter with pictorial representations illustrating the use of said articles as sewing-machine parts in sewing machines valued at less than $75 each. On the established facts it was held that the articles represented by the invoice items above enumerated are properly dutiable as claimed.

BEFORE THE THIRD DIVISION, SEPTEMBER 5, 1945

**No. 50450.**—Protests 25323–K, etc., of Foster Canning Co., Inc. (New York).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of dog food similar in all material respects to that the subject of *Corporacion Argentina de Productores de Carnes* v. *United States* (32 C. C. P. A. 175, C. A. D. 304), which record was incorporated herein. In accordance therewith the protests were sustained as claimed.

**No. 50451.**—Protests 69950–K, etc., of Foster Canning Co., Inc. (New York).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of dog food similar in all material respects to that the subject of *Corporacion Argentina de Productores de Carnes* v. *United States* (32 C. C. P. A. 175, C. A. D. 304), which record was incorporated herein. In accordance therewith the protests were sustained as claimed.

**No. 50452.**—Protest 87056–K of Foster Canning Co., Inc. (Boston).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of dog food similar in all material respects to that the subject of *Corporacion Argentina de Productores de Carnes* v. *United States* (32 C. C. P. A. 175, C. A. D. 304), which record was incorporated herein. In accordance therewith the protest was sustained as claimed.